EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Civil Action No. 2:20-CV-03211-SDM-CMV

| | |
|---|---|
| **GROUNDWORKS OPERATIONS, LLC** f/k/a **JES OPERATIONS, LLC,** d/b/a **GROUNDWORKS** 911 Stelzer Road Columbus, Ohio 43219 **GROUNDWORKS OBA, LLC** n/k/a **GROUNDWORKS OHIO, LLC** d/b/a **OHIO BASEMENT AUTHORITY** 911 Stelzer Road Columbus, Ohio 43219 **Plaintiffs,** v. **LAWRENCE JANESKY** 725 Breakneck Hill Road Middlebury, CT 06762 and **CONTRACTOR NATION CORPORATION,** c/o Lawrence M. Janesky, Agent 60 Silvermine Road Seymour, CT 06483 and **MID-STATE BASEMENT SYSTEMS, LLC** c/o Wesley Martin, Agent 5476 Camlin Place Westerville, OH 43081 **Defendants.** | **DECLARATION OF MATTHEW MALONE** |

I, Matthew Malone, declare as follows:

1. I am over 18 years of age, of sound mind, and I base this declaration on my personal knowledge.

2. I am one of the founders and the Chief Executive Officer of the Plaintiff Groundworks Operations, LLC f/k/a JES Operations, LLC d/b/a Groundworks ("Groundworks").

3. Groundworks is a foundation repair and basement waterproofing business with multiple brands, such as co-Plaintiff Groundworks OBA, LLC n/k/a Groundworks Ohio, LLC d/b/a Ohio Basement Authority ("OBA"). Our businesses are located in states extending from Virginia to Colorado.

4. In early 2020, the Cortec Group partnered with and invested in Groundworks, such that Groundworks is currently co-owned by its numerous founders, including myself, and the Cortec Group.

5. Groundworks and OBA are direct competitors of the Defendants, Contractor Nation Corporation ("Contractor Nation") and Mid-State Basement Systems, LLC ("Mid-State"), which are owned, upon information and belief, by Defendant Lawrence Janesky ("Janesky").

6. Mr. Janesky owns businesses known as Basement Systems, Inc. and Contractor Nation, from which he operates a loosely affiliated network of basement waterproofing and foundation repair dealers located throughout the United States. Contractor Nation boasts of a national and international "network" of contractors who focus on foundation repair and basement waterproofing. Mr. Janesky and Contractor Nation provide administrative, sales, and marketing support, as well as sell various waterproofing and crawlspace encapsulation materials, to so-called "network dealers" who, in turn, pay Mr. Janesky and his businesses, including Contractor Nation, for such materials and services.

7. In 2017, within days after Groundworks had acquired a North Carolina business based in Winston-Salem known as Tar Heel Basements Systems, LLC, ("Tar Heel"), Mr. Janesky opened a competing business in the same city via his Knoxville, Tennessee based-dealer called Master Service Companies, LLC, d/b/a Master Dry (a business he has since acquired). He and Master Dry targeted approximately 110 employees for hire from Tar Heel. During this process, Mr. Janesky, through Master Dry, disparaged and maligned Groundworks to numerous employees in order to induce approximately 30 of them to resign and hire on with Master Dry.

8. Also, in 2017, within days of the raid on the employees of Tar Heel, Janesky by and through Master Dry (a business he has since acquired), targeted another Groundworks business located in Indianapolis known as Indiana Foundation Service ("IFS"). Several IFS employees were lured away from IFS to start up the new Master Dry business in Indianapolis. There, as with events described below, Janesky, by and through Master Dry, identified the employees for hire, conducted meetings to extol the virtues of their dealer network and new business while at the same time disparaging Groundworks in order to induce the Groundworks affiliate employees to abandon their employment in favor of the new so-called network dealer.

9. As a result of Master Dry's illicit conduct, on December 15, 2017, Groundworks (previously JES Operations, LLC) filed suit for breach of contract against its former employee Jeffrey Russell and tortious interference with contract and misappropriation of trade secrets against Master Dry and others obtaining a favorable outcome to JES/Groundworks. (Case No. 49D01-1712-PL-044796, Marion County, Indiana Superior Court). Specifically, the Court entered an injunction prohibiting Master Dry from engaging in certain breaching conduct and requiring periodic affirmative representations to the Court of compliance under oath.

10. Before Groundworks acquired OBA in July 2019, OBA was a network dealer and, over time, purchased many millions of dollars of product from Janesky and Contractor Nation. Groundworks acquired OBA to continue and expand its business.

11. OBA is a Columbus-based basement waterproofing and foundation repair business in the greater Columbus area providing complete solutions for basement waterproofing, foundation repair, crawlspace encapsulation, and more. To protect its legitimate business interests, OBA requires many of its employees to enter into Confidentiality, Non-Competition and Non-Solicitation Agreements (the "Protective Covenants").

12. Shortly after Groundworks' acquisition of OBA and despite Janesky's knowledge of the Protective Covenants, Janesky responded by targeting OBA's employees by, among other things, disparaging and maligning Groundworks, OBA, and its principals. As a result of Janesky's conduct, OBA filed a complaint in the Court of Common Pleas, Franklin County, Ohio (Case No. 19CV007381) on September 11, 2019 (the "State Court Litigation") against Janesky, Mid-State and Contractor Nation asserting claims for tortious interference with employment and injunctive relief based on Defendants' conduct including soliciting Plaintiffs' employees and making untrue and disparaging statements about Plaintiffs, as described in detail in the Verified Complaint, which is attached hereto as <u>Exhibit A</u>.

13. Eventually and after extensive negotiation, OBA and Groundworks entered into a Settlement Agreement with Janesky, Mid-State and Contractor Nation on or about November 14, 2019 (the "Settlement Agreement") to resolve the State Court Litigation.

14. In each of the aforementioned instances and as part of the efforts to lure away these employees and injure Groundworks' operations, Defendants published false and disparaging statements concerning Groundworks, Groundworks affiliate companies, and certain owners of

Groundworks. Specifically, Mr. Janesky and other agents or representatives of Defendants made and published statements directed at Groundworks affiliate employees claiming, among other things, that Groundworks operates as a "Wall Street" "private equity" enterprise that buys and "flips" foundation repair/basement waterproofing businesses.

15. On or about June 18, 2020, I obtained a copy of a flyer (the "Flyer"), which, in turn, one of our OBA employees, Francis Purcell, obtained from an OBA customer. In addition, I obtained a second copy of the Flyer, which, in turn, another of our OBA employees, Jordan Wilson, obtained from different OBA customer. In each instance, the Flyer is the same and contains a picture of Janesky alongside the same numerous false and misleading statements concerning Mid-State and Janesky that he has repeated in the past when recruiting the former OBA employees. The false, misleading, and disparaging statements concerning Plaintiffs, include, but are not limited to, the following:

   a. The Flyer states Mid-State was founded in 1987. This statement is false because Mid-State was formed August 15, 2017 according to public records in Ohio.

   b. The Flyer references Groundworks OBA and states that it was recently bought by a "private equity company." This statement is false because OBA was acquired by Groundworks on July 15, 2019 and has been owned by Groundworks since then. Groundworks is not and has never been a "private equity company."

   c. The Flyer states that the "leader" of the alleged "private equity company" is "self-proclaimed from Wall Street." This statement is false because I, as the Chief Executive Officer of Groundworks, have never worked on Wall Street nor claimed to be "from Wall Street." This is the same false assertion Mr. Janesky has verbally made in the past to disparage me.

d. The Flyer further states that Groundworks and OBA "have stated their intentions to extract as much money as possible out of the businesses they buy." This statement is again false because neither Groundworks nor OBA have ever made such statements. Further, Groundworks reinvests millions of dollars back into its affiliated businesses, including millions annually into our Groundworks University for the professional and leadership development of our employees. Moreover, Groundworks has a long history of profit sharing with employees and grants ownership units to over 100 employees. Again, this is the same false assertion Mr. Janesky has verbally made in the past.

e. The Flyer states that Defendants "are not interested in selling our business, but continuing to build it and holding it forever as we have done since 1987." This statement is false because Janesky sold his ownership in a business known as Supportworks – which was started in 2007 – in January 2017.

16. In addition to the above false statements, the Flyer also contains a chart comparing Mid-State to OBA. Among other things within this chart, Defendants falsely state:

a. That Plaintiffs are owned by a hedge fund, which is false;

b. That Plaintiffs have no patents, which is false because Groundworks and its affiliated companies numerous patents and patents pending;

c. That Plaintiffs have only eleven (11) offices, none of which were "started from scratch by the majority owner," which is false because Groundworks has 30 offices, seven (7) of which were opened "from scratch" in just 36 months;

d. That OBA was "sold twice in 1 year", which again is false because Groundworks acquired OBA on July 15, 2019 and it is still owned by Groundworks today; and

6

e. Finally, that Plaintiffs' goal is to "sell the company (again!)," which is false because Plaintiffs' goal is to build a nationwide foundation services business to stand for years to come. This is the same type of false assertion Mr. Janesky has verbally made in the past to Groundworks employees.

17. The obvious purpose of the Flyer is to create doubt and fear in a consumer. The Flyer is mean to frighten consumers into believing that a "Wall Street" firm will take advantage of the homeowner, not do proper work, and then abandon the customer. The greater doubt to the consumer, the greater the likelihood the consumer will not choose OBA but instead select Mid-State.

I declare under penalty of perjury that the foregoing is true and correct.

This the 30th day of June, 2020.

_____
Matt Malone

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **GROUNDWORKS OBA, LLC,** <br> **d/b/a OHIO BASEMENT AUTHORITY** <br> 911 Stelzer Road <br> Columbus, Ohio 43219 <br><br>                 **Plaintiff,** <br><br> v. <br><br> **LAWRENCE JANESKY** <br> 725 Breakneck Hill Road <br> Middlebury, CT 06762 <br><br> and <br><br> **MID-STATE BASEMENT SYSTEMS,** <br> **LLC,** <br> c/o Wesley Martin, Agent <br> 5476 Camlin Place <br> Westerville, OH 43081, <br><br> and <br><br> **CONTRACTOR NATION** <br> **CORPORATION,** <br> c/o Lawrence M. Janesky, Agent <br> 60 Silvermine Road <br> Seymour, CT 06483 <br><br>                 **Defendants.** | Case No. _____ <br><br> Judge_____ <br><br> <u>**COMPLAINT**</u> <br><br> **(JURY DEMAND ENDORSED** <br> **HEREON)** |

<u>COMPLAINT</u>

Plaintiff Groundworks OBA, LLC d/b/a Ohio Basement Authority, through its attorneys, files this Complaint against Defendants Lawrence Janesky ("Janesky"), Mid-State Basement Systems, LLC ("Mid-State"), and Contractor Nation Corporation ("Contractor Nation") (collectively Janesky, Mid-State and Contractor Nation are "Defendants"), and states as follows:

CO\6248480.4

## PARTIES AND VENUE

1. Plaintiff Groundworks OBA, LLC, d/b/a Ohio Basement Authority is a Delaware limited liability company registered to conduct business in Ohio and does business in Columbus, Ohio as Ohio Basement Authority ("OBA").

2. Janesky is an individual residing at 725 Breakneck Hill Road, Middlebury, Connecticut 06762, is the Chief Executive Officer of Contractor Nation and self-proclaimed owner of Mid-State.

3. Mid-State is an Ohio limited liability company maintaining its principal place of business at 5476 Camlin Place, Westerville, Ohio 43081.

4. Contractor Nation Corporation is a Connecticut corporation maintaining its principal place of business at 60 Silvermine Road, Seymour, Connecticut 06483.

5. Jurisdiction is proper because Mid-State operates within the state of Ohio, Contractor Nation offered employment to OBA employees located in Ohio, and Janesky and/or Contractor Nation made personal contact with said OBA employees located in Ohio via telephone calls, text messages, and emails. In addition, Defendants Janesky and Contractor Nation have transacted business in this state, caused tortious injury in this state and/or caused tortious injury in this state by an act or acts outside of this state.

6. Venue is proper because the conduct in which Defendants engaged occurred in Columbus, Ohio and/or was directed at OBA employees in Columbus, Ohio.

CO\6248480.4

# THE FACTS[1]

## OBA and Its Employees

7. OBA is a local basement waterproofing and foundation repair business in the greater Columbus area providing complete solutions for basement waterproofing, foundation repair, crawlspace encapsulation, and more. [Irby Aff., ¶4].

8. OBA was established in 2009, and has been providing services to Ohio residents and businesses for more than ten years. OBA's service area extends from Columbus to Lima, Athens, Zanesville, Dayton, and the outskirts of Cincinnati. [Irby Aff., ¶4].

9. On July 15, 2019, the then-owner-operator, who could have elected to close OBA, instead sold OBA's assets to JES Operations, LLC, ("JES") who formed Groundworks OBA, LLC so that OBA could continue in business and its employees remain employed. Groundworks OBA, LLC hired all of OBA's employees, and OBA assigned its interests in the employment contracts at issue in this matter to Groundworks OBA, LLC. [Irby Aff., ¶2].

10. OBA employs approximately 110 employees including, but not limited to, customer sales representatives, certified field inspectors, customer account pricing and work scope specialists, foremen, inspectors, graphic design specialists, and engineers.

11. OBA invests substantial resources in training its personnel in the specialized areas of foundation repair, basement waterproofing, equipment for such applications, and diagnostics to isolate and identify problem areas for repair.

12. Formerly among those 110 employees were Justin Tise ("Tise"), Certified Field Inspector; Brandie Koehler ("Koehler"), City Projects Support; David Wirtz ("Wirtz"), Certified

---

[1] Filed simultaneously herewith and incorporated herein by reference are the Affidavits of Matthew Wojciechowski, Michael Irby, Michael "Zeke" Fowler, and Jameson Hackett.

Field Inspector; and Brian Thom ("Thom"), Certified Field Inspector, who each began working for OBA at various times. [Wojciechowski Aff., ¶13].

13. Throughout their tenure with OBA, each of Tise, Koehler, Wirtz, and Thom were given access to the names, contact information and preferences of referral sources, business plans, methods of operation, business contacts, pricing policies, and marketing strategies among other confidential information that is invaluable to OBA's operation. For example, during her employment, Koehler was provided extensive access to—and maintains knowledge of—OBA's strategies relating to sustaining and growing City of Columbus projects, pricing, bidding, and scope of work evaluations valued at roughly $5.5million annually. [Irby Aff., ¶10].

14. OBA has expended substantial effort and incurred substantial expense in developing and maintaining its confidential information as well as its valuable relationships with customers, referral partners, and the City of Columbus. It can take months and years to establish referral relationships that yield actual referrals, and often, significant investment of time and money is required to establish the referral relationships. [Irby Aff., ¶¶5, 10].

15. In order to protect its legitimate business interests, including each of those discussed *supra*, OBA requires many of its employees, including each of Tise, Koehler, Wirtz, and Thom, to enter into a Confidentiality, Non-Competition and Non-Solicitation Agreement (the "Agreement"). The Agreements for each of Tise, Koehler, Wirtz, and Thom are substantially the same and are attached as Exhibits to Matt Wojciechowski's Affidavit, which is being filed simultaneously herewith.

### Defendants' Malicious Pattern of Behavior

16. Janesky owns businesses known as Connecticut Basement Systems, Inc. and Contractor Nation, from which he operates a network of basement waterproofing and foundation

4

repair dealers located throughout the United States. Janesky provides administrative, sales, and marketing support as well as sells various waterproofing and crawlspace encapsulation materials to so-called network dealers who, in turn, pay Janesky and his business for such materials.

17. As a result of prior acquisitions by JES, which have included so-called network dealers located in North Carolina, Ohio and Indiana, by example, Janesky has responded by specifically targeting JES's subsidiary's employees while disparaging and maligning JES and its principals in the process to induce such employees to resign all for the purpose of disrupting and injuring JES' business operations.

18. For example, in 2017, within days after JES had acquired a North Carolina business based in Winston Salem known as Tar Heel Basements Systems, LLC, ("Tar Heel"). Janesky opened a competing business in the same city via one of his Tennessee dealers called Master Service Companies, LLC, d/b/a Master Dry, and targeted approximately thirty employees for hire from Tar Heel.

19. Also in 2017, within days of the raid on the employees of Tar Heel, Janesky by and through Master Dry (which he has since acquired), targeted another business owned by JES, located in Indianapolis- known as Indiana Foundation Service ("IFS"). Several IFS employees were lured away from IFS to start up the new Master Dry business in Indianapolis. There, as with events described below, Janesky, by and through Master Dry, identified the employees for hire, conducted meetings to extol the virtues of their dealer network and new business and disparaged JES Operations, LLC in the process to induce the JES affiliate employees to abandon their employment in favor of the new so-called network dealer.

20. As a result of Master Dry's illicit conduct, JES filed suit resulting in a favorable outcome to JES. Specifically, the Court entered an injunction prohibiting Master Dry from

5

engaging in certain breaching conduct and requiring affirmative representations of compliance under oath.

21.  In each of the aforementioned incidents, Janesky knew and was aware that the employees of the acquired JES companies had signed protective covenant agreements, including noncompetition and nonsolicitation covenants. Further, Janesky knew that luring away a substantial amount of employees would cripple the business.

### Defendants' Malicious and Vengeful Conducted Toward OBA

22.  Prior to JES's acquisition of OBA, OBA was a network dealer and overtime purchased millions of dollars of product from Janesky and Contractor Nation.

23.  Despite knowing that OBA employees are subject to post-employment restrictions, on or about August 31, 2019, Janesky and Mid-State hosted a meeting at Mid-State's newly established Columbus facility to which they invited tens of OBA's employees. Upon information and belief, no employees of any other direct competitor to Mid-State were in attendance nor contacted for recruitment. [Fowler Aff., ¶¶4, 5].

24.  Prior and subsequent to that August 31, 2019 meeting, Janesky and Mid-State made repeated efforts to target and recruit many of OBA's employees by way of emails, text messages, telephone calls, and voicemails. For example, on or about August 21, 2019, August 23, 2019, and September 3, 2019, Janesky sent text messages to Matthew Wojciechowski, General Manager for OBA, soliciting employment with Mid-State. A copy of those text messages is attached as Ex. 1 to the Affidavit of Matthew Wojciechowski. As another example, prior to and after the August 31, 2019 meeting, Janesky left voicemails for OBA Certified Field Inspector, John Tongol, to attend the meeting and to coax him to leave OBA and work for Mid-State. [Transcribed versions attached hereto as **Exhibit 1**].

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Sep 11 6:28 PM-19CV007381
0E836 - Q53

25. Janesky also texted Jamie Hackett, an OBA employee, and indicated that: "he was picked as a top performer" while showing them their sump pump and basin product. Mr. Hackett's work experience focused on foundation repair and basement waterproofing. He has no experience in the roofing industry. [Hackett Aff., ¶¶10, 11].

26. Janesky told Jamie Hackett, over the phone on September 1, 2019, that 25-30 OBA employees were leaving and coming to work for one or more of the Defendants. Prior to this phone call, Hackett was unaware of anyone talking to Defendants and it gave him serious concern for his job. [Wojciechoski Aff., ¶13].

27. During the week of September 3, 2019, each of Tise, Koehler, Wirtz, and Thom submitted their notice of resignation from employment with OBA. Upon information and belief, each of Tise, Koehler, Wirtz, and Thom have accepted and will soon begin employment with Mid-State or a related entity, Klaus Roofing of Ohio, LLC, which was incorporated by Janesky on or about September 4, 2019.

28. Prior to September 4, 2019, neither Janesky nor any of his companies had been in the roofing business. Janesky nor any of his companies had attempted to launch roofing business in his main office location of Connecticut.

29. Klaus Roofing has never done business as part of Janesky's dealer network before September 4, 2019.

30. Upon information and belief, Klaus Roofing of Ohio, LLC was formed as a ruse hiring entity in an attempt to evade the contract restrictions and liabilities associated with hiring OBA employees.

31. Upon information and belief, Janesky is aware that each of Tise, Koehler, Wirtz, and Thom entered into a valid and enforceable Agreement with OBA prohibiting their

7

employment with a direct competitor, such as Mid-State, within the defined territory, which includes Franklin County.

32. Upon information and belief, Janesky is aware that many other OBA employees have entered into a valid and enforceable Agreement with OBA, yet he has continued to repeatedly solicit OBA employees for employment with Defendants.

33. In addition, OBA's management has spent substantial time and resources since September 3, 2019, reassuring more than tens of employees who are known to be considering leaving OBA for positions at or with Defendants. [Wojciechowski Aff., ¶12].

34. Unless Defendants are preliminarily and permanently enjoined from the continued solicitation of OBA's employees, OBA will be irreparably harmed by:

(a) Disclosure of confidential information, trade secrets, and other proprietary information that is solely the property of OBA;

(b) Immeasurable loss of employees;

(c) Extensive business disruption caused by the loss of groups of employees, and;

(d) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

## COUNT I
## TORTIOUS INTERFERENCE WITH EMPLOYMENT
(Defendants)

35. OBA incorporates the foregoing paragraphs as though fully set forth herein.

36. The Agreement for each of Tise, Koehler, Wirtz, and Thom protect OBA's legitimate business interests through limiting, among other things, employment or affiliation with any of OBA's competitors within the territory prescribed in the Agreement for one (1) year.

37. Defendants have knowledge of the Agreement between OBA and each of Tise, Koehler, Wirtz, and Thom.

38. Defendants also have knowledge of the Agreement between OBA and several other current OBA employees including, but not limited to, Mr. Wojciechowski.

39. Defendants have intentionally, maliciously, and with reckless disregard unjustly induced each of Tise, Koehler, Wirtz, and Thom to leave their employment with OBA despite knowledge of the Agreement between OBA and each of Tise, Koehler, Wirtz, and Thom.

40. Defendants have intentionally, maliciously, and with reckless disregard for the truth, communicated false and disparaging information about JES to create employee anxiety and induce employees to abandon their employment with OBA and accept employment with Defendants. For example, Janesky told Hackett that 25-30 OBA employees were leaving OBA to go work with him. [Hackett Aff.].

41. Defendants have intentionally, maliciously, and with reckless disregard targeted OBA in an effort to raid their employees in order to staff Defendants' central Ohio operations and deprive OBA of any ability to survive as a direct competitor to Defendants.

42. Defendants' interference in the Agreement between OBA and each of Tise, Koehler, Wirtz, and Thom was and continues to be willful, wanton, and in reckless disregard of OBA's employment relationships.

43. As Defendants are outsiders to the employment relationships between OBA and its former and current employees, and because Defendants' conduct has been and continues to be malicious and reckless, Defendants' conduct is unauthorized and unlawful.

44. Defendants' continued and repeated solicitation of OBA employees is willful, wanton, and in reckless disregard of OBA's employment relationships.

CO\6248480.4

45. As Defendants are an outsider to the employment relationship between OBA and its former and current employees and because Defendants' conduct has been and continues to be malicious and reckless, Defendants' conduct is unauthorized and unlawful.

46. OBA has been harmed as a result of Defendants' conduct and will continue to suffer irreparable harm unless Defendants are enjoined from engaging in any such further conduct.

## COUNT II
## INJUNCTIVE RELIEF
(Defendants)

47. OBA incorporates the foregoing paragraphs as though fully set forth herein.

48. There is a genuine, imminent threat that Defendants will continue to repeatedly solicit OBA employees for employment with Defendants for the sole and improper purpose of depriving OBA of its staff and its ultimate ability to compete in the market.

49. As Defendants are an outsider to the employment relationship between OBA and its former and current employees and because Defendants' conduct has been and continues to be malicious and reckless, Defendants' conduct is unauthorized and unlawful.

50. OBA is entitled to injunctive relief to protect itself against the imminent threat of Defendants' continued malicious and reckless conduct intended to deprive OBA of its staff for the purpose of hindering OBA's ability to compete in the market, which will, ultimately, financially cripple the business. As such, Defendants' ongoing conduct will undoubtedly cause OBA substantial and irreparable harm for which there is no adequate remedy at law.

WHEREFORE, OBA respectfully requests that this Court enter judgment as follows:

(a) Preliminarily and permanently enjoin Defendants from continuing to interfere with OBA's employment relationships;

(b) Award compensatory damages in favor of OBA and against Defendants in an amount to be proven at trial;

(c) Award pre-judgment interest in favor of OBA and against Defendants;

(d) Award OBA attorneys' fees and costs incurred in this action as are recoverable at law;

(e) Award punitive and exemplary damages against Defendants in an amount to exceed $25,000.00; and

(f) Any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Catherine Strauss*
Catherine Strauss (0072980)
Abigail J. Barr (0092679)
ICE MILLER, LLP
250 West Street
Columbus, Ohio 43215
T: 614.462.2700
F: 614.462.5135
Catherine.Strauss@icemiller.com
Abigail.Barr@icemiller.com

*Counsel for Plaintiff Groundworks OBA, LLC d/b/a Ohio Basement Authority*

CO\6248480.4

## JURY DEMAND

A trial by jury is demanded for all non-equitable matters set forth in the above Complaint.

/s/ *Catherine L. Strauss*
Catherine L. Strauss (0072980)

CO\6248480.4

Transcription of Voicemail -1522:



voicemail-1522.mp3

Hey John, this is Larry Janesky calling from Contractor Nation. Hey, we're starting a business in Columbus to offer multiple services – different businesses – just offer multiple services – and we're having an open house tomorrow at 9:15. And would love to see you if you were interested in hearing about what we're doing. So, give me a call back at 203-627-1941. 203-627-1941. We're not encouraging anybody to violate any non-compete agreements. We have different services that we're going to provide and we're going to accommodate everyone that wants to leave OBA and there's a lot of people. So, give me a call back. Would love to talk with ya. Talk to you soon. Bye.

Transcription of Voicemail -1525:



voicemail-1525.mp3

Hey John, it's Larry Janesky here. Just wanted to circle back and touch base with you. I know you couldn't make our open house meeting there, but it went really well and I wanted to talk with you about it. Today's Labor Day, I understand, but if you get a chance, give me a call back. Appreciate it. 203-627-1941. Thanks. Bye.

CO\6248259.1